MICHAEL F. BROGAN *vs.* MAYOR OF LAWRENCE & others.

Essex.    November 3, 1915. — March 3, 1916.

Present: RUGG, C. J., LORING, BRALEY, & CROSBY, JJ.

*Municipal Corporations,* Officers, Mayor.  *Licensing Board.  Mandamus.*

Where a mayor of a city, being about to undergo an operation, signed a paper
purporting to be an appointment of a certain officer, of which the person named
as the appointee was not informed, saying "That is only temporary" and intend-
ing the appointment "to be of a testamentary and revocable character, to take
effect upon [the mayor's] death," and afterwards the mayor, having survived the
operation, caused the name of the person named as appointee to be erased on the
paper and the name of another person to be inserted in its place, the first pro-
posed conditional appointment never took effect and a vacancy existing when the
paper first was signed can be filled by the appointment of the person whose
name was inserted in place of the name erased.

A member of a licensing board appointed under R. L. c. 100, § 4, is not required
to take an oath of office in order to qualify.

A member of the licensing board of the city of Lawrence was appointed by a writ-
ing signed by the mayor in which the name of the appointee was inserted by
direction of the mayor after the writing had been signed by the mayor, and the
appointee was notified of his appointment.  Not long thereafter the mayor
died and the day after his death the writing making the appointment in accord-
ance with the mayor's previous direction was handed to the appointee, who
about three weeks later attended a meeting of the licensing board, presented
his letter of appointment and was admitted by the other members of the board
to participate in the meeting.  *Held,* that the appointee properly was appointed
and qualified, and that the granting of a writ of mandamus to compel the new
mayor and the members of the licensing board to recognize such appointee as
a member of that board was a proper exercise of judicial discretion.

LORING, J.  This is a petition for a writ of mandamus to com-
pel the respondents to recognize the petitioner as a member of
the licensing board of the city of Lawrence.  The case was sub-
mitted to the single justice * on an auditor's report and is before
us on exceptions of the respondents taken at the trial before him.
The respondents in argument have not followed the particular
exceptions taken by them.  For that reason we address ourselves

---

* *Carroll,* J.  He found that the petitioner was appointed a member of the
licensing board of the city of Lawrence in July, 1914, for a term of six years
and that he never had been removed from that office, and ordered that the
writ should issue.

to the argument and not to the exceptions. The exceptions cover the contentions made in argument.

It appears from the auditor's report that the mayor of Lawrence, being about to undergo an operation, asked one Corcoran to draw up a letter appointing one Dr. Sullivan to fill a vacancy in the licensing board of the city. Corcoran, having tried unsuccessfully to find pen and ink, drew up the letter of appointment in pencil. The mayor signed the appointment and at that time said to Corcoran, "That is only temporary." And the auditor found that "this appointment was intended to be of a testamentary and revocable character, to take effect upon Mayor Scanlon's death." No notice of this appointment was given to Dr. Sullivan. Mayor Scanlon survived the operation. Later he determined not to appoint Dr. Sullivan and in a conversation with Corcoran "referring to the appointment of a member of the licensing board [he] asked Mr. Corcoran to change that to Michael F. Brogan, the petitioner.". Thereupon Corcoran rubbed out the name of Sullivan and inserted in the appointment (written in pencil) the name of Brogan, the petitioner. The mayor told Corcoran that he might notify Brogan (but no one else) of the appointment, as he did not wish to have the appointment made public until he (the mayor) had notified one Woodbury, a member of the licensing board. Thereupon Corcoran notified Brogan that he had been appointed. Later the mayor told Corcoran that he had seen Woodbury and that he would make the appointment public on August 17, 1914. The mayor died on August 16, 1914. On August 17 Corcoran delivered the written appointment to the petitioner. On August 18 the petitioner took an oath of office before the commissioners to qualify civil officers and on September 8 attended a meeting of the licensing board. He then presented his letter of appointment and was admitted by the other members of the board. The records of the meeting of the board on that day state: "Change in the board, Michael F. Brogan having been appointed to succeed James H. Clifford, Jr., July 21, 1914, and qualifying August 18, 1914, took his seat at this meeting, having brought the proper credentials with him, and the credentials were read by the other members of the commission." Later the successor to Scanlon in the office of mayor undertook to appoint the respondent McCarthy to the office claimed by the petitioner and since then the

petitioner has been excluded "from the exercise of the functions of the office."

The single justice found that a peremptory writ of mandamus ought to issue.

1. The first contention of the respondents is that the appointment of Dr. Sullivan was complete and therefore that there was no vacancy when the mayor directed Corcoran to rub out Sullivan's name from the letter of appointment and insert that of the petitioner.

Of course the mayor could not make a testamentary or revocable appointment. The finding of the auditor, that the mayor's intention was that the letter of appointment which Corcoran made under his direction should be testamentary and revocable, and the mayor's statement to Corcoran that that letter was only "temporary" mean that the mayor never intended to have that letter, signed by him, take effect as a completed instrument. Under the findings of the auditor adopted by the single justice the letter in which it was stated that he appointed Dr. Sullivan was never intended by him to be and never was adopted by him as an appointment and therefore did not affect the vacancy which then existed.

2. By R. L. c. 100, § 4, it is provided that "All members [of licensing boards appointed under that statute] shall hold office until their respective successors are appointed and qualified." We have been referred to no statute which requires members of licensing boards to take an oath of office. We are satisfied that there is no such statute. Under these circumstances it is not necessary for a member of the licensing board to take an oath of office in order to qualify. Where an officer is required to take an oath before entering upon the duties of his office, qualifying includes taking the oath. But, where no oath is required, the fact that he must qualify does not make it necessary for him to take an oath of office. We are of opinion that the petitioner qualified when he attended the meeting of the licensing board on September 8, presented his letter of appointment and was admitted by the other members of the board to participate in the meeting. Whether all these acts were necessary in order to make qualification by the petitioner complete it is not necessary to decide.

3. The eighth ruling asked for by the respondents, namely, that the granting of a writ of mandamus is discretionary and

the court can exercise its discretion upon the facts stated in the report, was correct. It is hardly necessary to add that the single justice was not bound as matter of law to exercise his discretion by denying the writ.

The entry must be

*Exceptions overruled.*

*J. P. Sweeney,* for the respondents.
*H. Parker,* for the petitioner.